**ABC MANAGEMENT SERVICES, INC.,**
**a corporation, Plaintiff,**

v.

**Williams P. CLEMENTS, Jr., Acting Secretary of Defense, et al., Defendants**
**(two cases).**

**Civ. Nos. 73-1501, 73-1502-AAH.**

United States District Court,
C. D. California.

July 10, 1973.

Ronald S. Berman, of Jeppson & Berman, Marina Del Rey, Cal., for plaintiff.

Alan Peryam, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW

HAUK, District Judge.

These cases came on for hearing on the plaintiff's application for an Order to Show Cause and for a Temporary Restraining Order before the Honorable A. Andrew Hauk, United States District Judge, on June 29, 1973, at 5:30 p. m. By virtue of the similarity of parties and factual contentions, case 73–1502–MML was transferred to Judge Hauk pursuant to this Court's "Low Number" Rule, Local Rule 2(g). In addition the cases are, on the Court's own motion, ordered consolidated for treatment in this Court.

Plaintiff appeared by Ronald S. Berman of Jeppson & Berman in support of the motion, and the government was represented by William D. Keller, United States Attorney, by Alan W. Peryam, Assistant United States Attorney, in opposition to the motion for a Temporary Restraining Order. In addition, the government moved orally that the Complaints in the above-captioned actions be dismissed. Pursuant to Rule 12(b)(6) and since matters outside the pleadings were presented to and not excluded by the Court, the oral motions to dismiss the cases are hereby treated as Motions for Summary Judgment and are disposed of as provided in Rule 56 by the rendering of judgment for defendants for the reason that the pleadings, the exhibits, the affidavits, the statements of counsel and of the parties made on the record at the hearing, together with plaintiff's points and authorities in support of its application do not present a genuine issue as to any material fact, and the defendants are entitled to judgment as a matter of law. Therefore, the Court holds that defendants, the moving parties, are entitled to judgment pursuant to Rule 56 upon the following Findings of Fact and Conclusions of Law:

1. Plaintiff is a corporation that has, with others, entered into various stages of negotiations with the Department of the Navy seeking to be awarded two government contracts for the period of July 1, 1973 through June 30, 1974. In Case 73–1501–AAH, the contract which plaintiff sought was for "Mess Attendant" services at the United States naval facility, Port Heuneme, California, and in Case 73–1052–AAH, the plaintiff sought a government contract for "Mess Attendant" services at the United States Training Center, San Diego, California.

2. The Complaints further allege that on or about June 28, 1973, plaintiff received oral notification from the Department of the Navy that the relevant contracts had been let to a competitor of plaintiff.

3. Plaintiff made oral protest both to the contracting officer for the Department of the Navy and to an officer of the General Accounting Office in Washington, D.C., asserting therein that the bids by the plaintiff were wrongfully disallowed and that the letting of the relevant contracts should be delayed until the protest of the plaintiff could be ruled upon by the appropriate administrative contract review officers or proceedings. Plaintiff received no indication that his requests would be allowed and filed the instant actions in this Court seeking temporary and permanent injunctions precluding the United States Department of Defense from awarding the relevant contracts.

4. The Complaints do not allege nor do the supplementary affidavits, motions or memorandum in support of the temporary restraining order suggest that plaintiff has complied with the administrative regulations promulgated to provide administrative review of controversies arising from the contractual relationships and attempts to enter into contractual relationships by persons or entities such as plaintiff. Accordingly, the Court finds that plaintiff has failed to make any attempt to exhaust administrative remedies such as those set forth in the Armed Services Procurement Regulations, 32 C.F.R. § 2.400 et seq.

5. The Court further finds that the contentions made by plaintiff that plain-

tiff will suffer irreparable injury unless the injunctive relief prayed for is granted are without merit, even if it is assumed that the plaintiff will be deprived of the opportunity to enter into a contract with the United States Navy, because the administrative regulations referred to above provide remedial action for unlawful contracts, and further because it appears that plaintiff would have an adequate action for damages if all allegations of his Complaints are established, either in this Court or in the Court of Claims.

6. The Court further finds that the entity presently providing the services involved in the relevant contracts here in controversy is not before the Court and the Court would be unable to make an effective order which would insure that the essential services be provided to the Naval facilities involved pending a delayed letting of the relevant contracts.

7. Any of the preceding findings of fact which should be considered conclusions of law are hereby deemed as such.

## CONCLUSIONS OF LAW

1. This Court is without jurisdiction to consider plaintiff's allegations for the reason that there has been no complete exhaustion of available administrative remedies by the plaintiff prior to the initiation of this lawsuit.

2. The Court further concludes that the harm to the United States Navy which would result if the relevant contracts involved in this proceeding were required by the Court to be delayed and the injury and inconvenience which would be of necessity suffered by military personnel who depend on those services would far outweigh the benefit to be received by the plaintiff and accordingly could not be justified even if the Court were to assume jurisdiction in this matter.

3. Accordingly, it is Ordered that Judgment be entered in favor of defendants dismissing the action.