GREEN et al. v. ME–TEX SUPPLY CO.
et al.
No. 101.

District Court, S. D. Texas, Houston
Division.

Oct. 17, 1939.

C. F. Stevens and Dick Young, both of Houston, Tex., for plaintiffs.

Franklin & Blankenbecker, of Houston, Tex., and Girand & Girand, of Lubbock, Tex., for defendant Me-Tex Supply Co.

KENNERLY, District Judge.

This is a civil action for damages for alleged patent infringement.

Defendant Me-Tex Supply Company has filed with the clerk this motion: "Now comes, Me-Tex Supply, a corporation, one of the defendants in the above styled and numbered cause, and moves this Honorable Court that plaintiffs be required to file in this Court a good and sufficient cost bond and that in default thereof said cause stand dismissed."

Plaintiffs have filed a bond in the sum of $250, but from the wording of such defendant's motion, it cannot be determined whether it is sufficient in amount to meet such Defendant's contention.

While the Conformity Act[1] (Section 724, Title 28, U.S.C.A.) was in force, this Defendant's Motion would have been good as a "Rule for Costs" under Article 2068[2]

[1] Section 724, Title 28, U.S.C.A., is as follows:

"Conformity to practice in State courts. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

[2] Article 2068 is as follows:

"Rule for costs.—The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, and, if such rule be entered against the plaintiff and he fail to comply therewith on or before the first day of the next term of the court, the suit shall be dismissed."

of the Texas Revised Civil Statutes of 1925. But the Conformity Act is no longer in force. The practice and procedure in this Court are fixed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and by the Local Court Rules. The Federal Rules of Civil Procedure make no provision for a "Rule for Costs".

In the Local Court Rules (Rule 17), this language appears:

"The Plaintiff may, upon motion of the Defendant, be required to give bond or other security for the costs as the Court may direct, and the Defendant, Intervenors and other parties may in like manner be required to give bond or security for costs."

This does not mean that one party may now in this Court rule another for costs as under Article 2068 of the Texas Statutes referred to, but means that one party may bring forward by Motion reasons why the other party should be required to give bond or other security for costs. If such reasons be found sufficient and are supported by sufficient evidence, the Court may in its sound discretion so require. No reasons why Plaintiff should be required to give bond or security for costs are given in Defendant's Motion above quoted, and it is, therefore, denied.