## NATIONAL DISTILLERS PRODUCTS CORPORATION v. HINDECH.
### Civ. A. No. 3143.

United States District Court
D. Colorado.
June 20, 1950.

Hodges, Vidal & Goree, Denver, Colo., for plaintiff, National Distillers Products Corporation.

Irving J. Hayutin, Denver, Colo., for defendant, Joe Hindech.

KNOUS, District Judge.

The plaintiff is a nonresident and the defendant has made a motion that it

be required to furnish a cost bond. No other ground therefor is asserted in the motion which, as stated in the argument and as appears inferentially from its face, is grounded on Sections 10 and 11, Chapter 43 of Colorado Statutes Annotated 1935. While the Conformity Act, Section 724, Title 28 U.S.C.A., was in force, the defendant's motion would have been good. Cavicchi v. Mohawk Mfg. Co., D.C., S. D.N.Y., 27 F.Supp. 981; Green v. Me-Tex Supply Co., D.C.S.D.Tex., 29 F.Supp. 851; Silvas v. Arizona Copper Co., 9 Cir., 220 F. 116. However, the Federal Rules of Civil Procedure, 28 U.S.C.A., have repealed the Conformity Act, supra, and state practice in this connection no longer may be invoked under its terms.

There is no provision in the Federal Rules of Civil Procedure relative to the giving of security for costs in a case such as the one at bar. Rule 83 of the Federal Rules of Civil Procedure provides that district courts may make suitable rules governing practice not inconsistent with the Federal Rules of Procedure, but no rule providing for the posting of cost bonds or the giving of security for costs has been adopted by the District Court of Colorado.

■ It is conceded by counsel that the Court, in the type of case here pending, has the inherent discretionary power to require cost bonds on good cause being shown.

It seems to me that authorization therefor also is to be found in the concluding sentence of Rule 83, which states: "In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." Pertinently, it is said in Moore's Federal Practice, under new Federal rules, page 3444, "The scope of this provision eliminates all necessity to fall back upon the Conformity Act or the Equity Rules. If a procedural detail arises in a case and is not covered by the Federal Rules or by a standing district court rule, the district court may provide therefor in such a manner as will facilitate the just determination of the action."

Since the motion under consideration states no reasons why the plaintiff should be required to give bond as security for costs other than the statutory one, it will be denied with leave to the defendant, if he is so advised, to re-present within ten days in a form to properly invoke the discretion of the Court.

At the time of filing his motion for cost bond defendant also filed a motion to dismiss the action for the failure of the plaintiff to file a cost bond at the time of the commencement thereof, in accordance with Sections 10 and 11, Chapter 43, Colorado Statutes Annotated 1935.

■ Prior to the 1885 amendment to Section 11, supra, the rulings had been that a nonresident's failure to file a cost bond at the institution of the action was fatal. Sutro v. Simpson, C.C., 14 F. 370; Edgar Gold and Silver Mining Company v. Taylor, 10 Colo. 110, 14 P. 113. However, since that amendment even under Colorado practice, such result does not attain. See Payton v. M. Spiesberger & Son Co., 40 Colo. 289, 90 P. 605. Hence, defendant's motion to dismiss is denied. Obviously, this result is also impelled by the circumstance, as has been said, that defendant no longer can invoke the provisions of the Conformity Act, supra, to compel a bond for costs from a nonresident as a matter of course.

■ Notwithstanding the fact that both the motion for the cost bond and the motion to dismiss were filed within the time for pleading allowed by Rule 12(b), the plaintiff claims that neither of them constitutes pleadings permissible under Rule 12 and has asked that the default of the defendant be entered pursuant to the provisions of Rule 55. Whether or not the filing of the motion for cost bond by defendant would alone prevent plaintiff from taking default, it would seem certain that the filing of the motion to dismiss which challenged the jurisdiction of the court to proceed until the cost bond was filed, even though unsuccessfully asserted, should preclude the entry of a default before its disposition. Such seems to me to be in ac-

cord with liberality toward avoiding the effects of defaults proclaimed by Rules 55(c) and 60(b). The motion of the plaintiff for default is, therefore, denied and defendant is given ten days in which to answer.