STATE WIDE ENTERPRISES, INC., formerly All State Enterprises, Inc., a Michigan corporation, Plaintiff,

v.

UNITED STATES GYPSUM CO., an Illinois corporation, et al., Defendants.

Civ. A. No. 21877.

United States District Court
E. D. Michigan, S. D.

Jan. 6, 1965.

Evan H. Callanan, Garden City, Mich., for plaintiff.

Thomas L. Munson, Dykema, Wheat, Spencer, Goodnow & Trigg, Detroit, Mich., Thaddeus S. Snell, Macleish, Spray, Price & Underwood, Chicago, Ill., of counsel, for defendant U. S. Gypsum Co.

Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for defendant Owens-Corning Fiberglas Corp.

Phillip Marco, Marco & Marco, Detroit, Mich., Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., of counsel, for defendant Celotex Corp.

Butzel, Levin, Winston & Quint, Detroit, Mich., Clausen, Hirsh, Miller & Gorman, Chicago, Ill., of counsel, for defendant Bestwall Gypsum Co. and Bestwall Certain-teed Sales Corp.

Beaumont, Smith & Harris, Detroit, Mich., Finck & Huber, Buffalo, N. Y., of counsel, for defendant National Gypsum Co.

Joseph W. Louisell, Detroit, Mich., for defendant Gypsum Erector.

Bratton, Bratton & Roskopp, Detroit, Mich., for defendant Rohn Fireproofing Co.

Miller, Canfield, Paddock & Stone, Detroit, Mich., for defendant Hoge-Warren-Zimmerman, Inc.

THORNTON, District Judge.

The Court has before it the Joint Motion of Defendants for Security for Costs. The defendants, who join in this motion are as follows:

United States Gypsum Company

National Gypsum Company

Owens-Corning Fiberglas Corporation

Celotex Corporation

Bestwall Gypsum Company and Bestwall-Certain-teed Sales Corporation

Hoge-Warren Zimmerman, Inc.

Rohn Fireproofing Co.

Attached to said motion and in support thereof is the joint affidavit of Thomas

L. Munson, W. Gerald Warren, Phillip Marco, William H. Yager and Richard Larwin, attorneys representing the following defendants respectively:

United States Gypsum Company

Owens-Corning Fiberglas Corporation

Celotex Corporation

Bestwall Gypsum Company and Bestwall-Certain-teed Sales Corporation

National Gypsum Company

The affidavit consists of twenty-five (25) pages, plus exhibits. Factual matters stated are documented by reference to the deposition, on file with this court, of Floyd E. Kupkowski, who has been intimately connected with the plaintiff corporation since sometime in January 1962, becoming Chairman of the Board February 22, 1962. He became vice president and treasurer November 27, 1963 and continued as a director, the new Chairman of the Board being Lester Ellerhorst, Sr. The affidavit presents an analysis of this One Million Eight Hundred Thousand Dollar civil antitrust case from its commencement November 15, 1961 to November 24, 1964. Its various subheadings are labeled as follows:

A History of the Plaintiff Corporation

Chronology of These Proceedings

Lack of Financial Responsibility of Plaintiff

The Tax Lien of the United States for Failure to Remit Employees' Withholding Taxes

Plaintiff's Failure to Produce Books and Records

The Kupkowski-MacQueen-Ellerhorst Interest

The Status of Gypsum Erectors as a Defendant

The Procession of Counsel

Defendants Costs—Past and Prospective

We summarize below this last listed item:

*Costs already incurred:*

Reporter's deposition transcript fees
Reporter's pre-trial hearing transcript fees
Costs for reproduction of documents
Marshal's fees

| | |
|---|---|
| Total | $ 5,278.70 |

*Costs to be incurred:*

Court reporter—transcripts of pre-trial and motion hearings
Witness fees—
Docket fees—

| | |
|---|---|
| Total | 2,208.80 |
| Daily trial transcript for anticipated 28 days of trial | 7,700.00 |
| | $15,187.50 |

In considering the propriety of the above costs, the Court has familiarized himself with the recent decision of the Supreme Court of the United States in the case of Howard Farmer, Petitioner v. Arabian American Oil Company, 85 S.Ct. 411, December 14, 1964. It is noted that the prospective witness fees in the instant case, when they relate to witnesses who will travel more than 100 miles to reach Detroit (the place of trial) include mileage charges for only 100 miles each way, thus complying with the so-called 100-mile rule. With respect to the prospective cost for daily trial transcript, the Court observes that this trial is expected to consume 28 days, that the issues involved are of a complicated nature, and that one copy of the transcript for the Court and one for the common use of the 10–12 defense attorneys represent a minimal necessity.

This Court has gained familiarity with this case over the past three years, during which there have been numerous court appearances and conferences in connection with motions and other matters preliminary to trial. It is noted that the docket entries now total seventy-three (73). The last hearing was held December 28, 1964 on the motion of plaintiff's current attorneys to withdraw as counsel for the plaintiff. They repre-

**606**

sented to the Court that their retainer had been on a contingent fee basis, that they could no longer continue to represent plaintiff corporation and that they had not been reimbursed for out-of-pocket expenses. The Court granted the motion and allowed plaintiff ten days within which newly-retained counsel should file an appearance. Mr. Ellerhorst was present in court and stated on the record that plaintiff corporation would retain substitute counsel. (See transcript of the record of December 28, 1964 heretofore filed in this matter.) During the course of this hearing, Mr. Thomas L. Munson, attorney for United States Gypsum, acting as spokesman for the attorneys representing those defendants who had moved for security for costs, then made a statement. (See transcript of record of December 28, 1964 commencing at page 10 thereof.) The thrust of the statement is the lack of merit to the plaintiff's case. Said statement is in supplementation of argument advanced at a recent prior hearing on the motion for security for costs.

The contention of defendants that plaintiff's case lacks merit appears to be borne out by the contents of the affidavit, as well as by the rationale of Mr. Munson's statement. These would seem to permit the inference that this lawsuit is one of dubious merit. Also supported by the contents of the affidavit, as well as by the logic of Mr. Munson's statement, is the apparent absence of financial responsibility of plaintiff. It is the considered opinion of the Court that in the interest of justice and in the exercise of its inherent discretion in such a matter, the ordering of security for costs here is justified.

It is therefor ordered that plaintiff herein furnish security for costs in the amount of Seven Thousand Five Hundred Dollars ($7,500), cash or surety, within ten days from the date of entry of this order. Failure to furnish such security within the above-prescribed time will be considered as abandonment by plaintiff of its lawsuit and shall constitute grounds for dismissal.