**NATIONWIDE AUTO APPRAISER SERVICE, INC., a dissolved corporation, et al., Plaintiffs,**

v.

**ASSOCIATION OF CASUALTY AND SURETY COMPANIES, an unincorporated association, et al., Defendants.**

**Civ. No. 64–132.**

United States District Court
W. D. Oklahoma.

Sept. 8, 1966.

Barefoot, Moler, Bohanon & Barth, Oklahoma City, Okl., for plaintiffs.

Boesche, McDermott & Eskridge, Tulsa, Okl., Sullivan & Cromwell, New York City, Covington & Burling, Washington, D. C., of counsel, for defendants.

## ORDER

DAUGHERTY, District Judge.

The Plaintiffs herein have filed timely objections with supporting brief and affidavit to taxation of costs by the Clerk for the reason the amount of $334.10 (costs incident to taking of depositions) represents the cost of taking depositions of Plaintiffs by Defendants for discovery purposes and such taxation is not permitted. The aforesaid amount represents costs of the original copy of the depositions of the Plaintiffs and no recovery is sought for the copies. Defendants concede in their Brief in Opposition to Plaintiffs' Motion to Retax Costs that the depositions in question were not tendered in evidence at the jury trial of this action and there was no offer of the depositions for impeachment purposes. Each of the Plaintiffs testified in his own behalf at the trial.

██ Upon review of the authorities, the Court perceives that the general rule is that the costs incurred for depositions may be taxable if the taking is reasonably necessary to a party's case in light of the particular situation existing at the time of taking. 28 U.S.C. § 1920(2); Harrison Sheet Steel Co. v. Morgan, 268 F.2d 538 (Eighth Cir. 1959); Modick v. Darvel Stores of New York, Inc., 209 F. Supp. 361 (S.D.N.Y.-1962). The teaching of these authorities is that the Court has broad discretion, and inherent responsibility, in taxing the costs of a deposition not formally used in the trial of the cause. The utility of a deposition is not alone measured by its use when formally introduced in evidence as it may be used with telling effect in cross-examination.

The Court finds that the depositions in question are taxable as costs and within the concept of necessity where they were used for cross-examination, in the preparation of briefs and the Motion for Summary Judgment, and for pre-trial conferences. It is clear to the Court that these depositions were not taken merely for convenience of counsel in marshaling his case.

The Plaintiff has only objected to taxation of costs in the amount of $334.10 of a total of $356.60. Judgment having been filed in this action on May 3, 1966, the Court orders the amount of $334.10 to be taxed as costs and paid by Plaintiffs directly to Defendants, as well as that amount of the Bill of Costs to which no objection was filed.