**UNITED STATES of America,
Plaintiff,**

**v.**

**Alexander PINTO, doing business as American Tool Company, Georgia Pinto, the City of Kalamazoo, a municipal corporation, and the Peoples National Bank of Grand Rapids, a corporation, Defendants.**

**Civ. A. No. 3401.**

United States District Court
W. D. Michigan, S. D.

April 30, 1968.

---

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for plaintiff.

Warner, Norcross & Judd, Grand Rapids, Mich., J. M. Neath, Jr., Grand Rapids, Mich., of counsel, for defendants Alexander Pinto and Georgia Pinto.

## ORDER RE ALLOWANCE OF COSTS

FOX, District Judge.

This matter involves a Bill of Costs for $1,512.42 filed by the United States Government on October 15, 1964, in an action which was resolved by entry of a Consent Judgment on December 27, 1960.

The total amount represents the cost of taking certain depositions which ac-

cording to the Government, led to the discovery of assets against which the Government foreclosed its liens in the instant case.

■ Allowance of costs is normally a discretionary matter. 3 Barron & Holtzoff, Federal Practice & Procedure, § 1195, at 43 (1958).

In Nationwide Auto Appraiser Service, Inc. v. Association of Cas. & Surety Co., 41 F.R.D. 76, 77 (W.D.Oklahoma, 1966), the court said:

"Upon review of the authorities, the Court perceives that the general rule is that the costs incurred for depositions may be taxable if the taking is reasonably necessary to a party's case in light of the particular situation existing at the time of taking. 28 U.S.C. § 1920(2); Harrison Sheet Steel Co. v. Morgan, 268 F.2d 538 (Eighth Cir. 1959); Modick v. Darvel [Carvel] Stores of New York, Inc., 209 F.Supp. 361 (S.D.N.Y., 1962). The teaching of these authorities is that the Court has broad discretion, and inherent responsibility, in taxing the costs of a deposition not formally used in the trial of the cause."

■ The courts are undoubtedly becoming much more liberal in their approach to taxing of costs of depositions and are no longer confined in the exercise of their discretion by the contention that a deposition was not used as evidence.

■ Nonetheless as the Tenth Circuit observed in Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F. 2d 888, 891 (C.A. 10, 1964):

"A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose."

There is a point in time when litigation must come to an end. In the case at bar, we believe that point was reached well before October 15, 1964.

All of the Federal Rules of Civil Procedure are to be interpreted in light of Rule 1, which provides:

"Rule 1. Scope of Rules

These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed to secure the just, *speedy*, and inexpensive determination of every action. As amended [Dec. 29, 1948, eff. Oct. 20, 1949;] Feb. 28, 1966, eff. July 1, 1966." (Emphasis supplied.)

Interpreting Rule 54, "Judgments; Costs," in light of Rule 1, we conclude that the delay from December 27, 1960 to October 15, 1964 violates the provisions of Rule 1.

Plaintiff's petition for taxing the Bill of Costs it filed October 15, 1964 is denied.

It is so ordered.