James A. Walrath, Freedom Through Equality, Milwaukee, Wis., W. Stuart Parsons, Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for plaintiffs.

Robert G. Polasek, Asst. Corp. Counsel, Milwaukee, Wis., for Robert W. Brannan, individually and as Transportation Director, and Louis J. Selzer, individually and as acting chairman of the Milwaukee County Expressway and Transportation Commission.

**Loretta HANLEY et al., Plaintiffs,**

v.

**John A. VOLPE, individually and as Secretary of the United States Department of Transportation, et al., Defendants.**

**No. 69–C–302.**

United States District Court
E. D. Wisconsin.

Jan. 6, 1970.

See also D. C., 305 F.Supp. 977.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved for a default judgment against the defendants Selzer and Brannan, who were personally served with the summons and complaint. Under Rule 12(a), Federal Rules of Civil Procedure, Mr. Selzer had until July 22, 1969 and Mr. Brannan until July 14, 1969, to answer the complaint. Although an attorney appeared in the proceedings on behalf of said two defendants, no answer was timely filed. On September 3, 1969, a letter was sent by plaintiffs' counsel to the attorney for Mr. Selzer and Mr. Brannan inquiring as to his clients' intentions regarding the service of an answer; no response was made to that letter.

Counsel for Mr. Selzer and Mr. Brannan concedes the accuracy of the foregoing chronology of procedural events; he urges, however, that they are not in default because of the filing of a

motion to dismiss and a challenge to the court's jurisdiction which was submitted by Mr. Redmond, a co-defendant. In my opinion, the filing of such a motion by one defendant does not entitle another defendant to an automatic extension of the time in which to answer under Rule 12, Federal Rules of Civil Procedure. The existence of a pending motion to dismiss did not in any way relieve the defendants Selzer and Brannan from their obligation to file an answer. Mr. Selzer and Mr. Brannan stand in default for their failure to have submitted an answer within the time required by the rules.

In Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 297 (S.D.Tex. 1967), it was observed that the entry of a default judgment under Rule 55(b) is not a matter of right, but rather a matter of discretion on the part of the court. It was there stated:

"If a plaintiff has not been substantially prejudiced by the delay, a defaulting party who has appeared before the court should be afforded the opportunity to answer the complaint."

A similar viewpoint is expressed in National Distillers Products Corp. v. Hindech, 10 F.R.D. 229 (D.C.Colo.1950).

I am persuaded that the plaintiffs have not been prejudiced by the delay in the filing of answers in this case. Accordingly, the two county defendants should have an opportunity to file their answers, but they should be required to pay terms as a condition to such belated filing. If the answers are not filed and the terms paid within the time set forth in this order, the plaintiffs may reapply for a default judgment.

Now, therefore, it is ordered that the plaintiffs' motion for default judgment be and hereby is denied.

It is further ordered that the defendants Selzer and Brannan may serve and file their answers provided such service and filing is accomplished not later than January 16, 1970, and such filing is accompanied by evidence of the payment of $100 to plaintiffs' counsel as and for attorneys fees in connection with this motion.