**SOO HARDWOODS, INC., a Michigan Corporation, Plaintiff,**

v.

**UNIVERSAL OIL PRODUCTS COMPANY, a Delaware Corporation, Defendant.**

No. M74–67 CA3.

United States District Court, W. D. Michigan, N. D.

June 12, 1980.

John M. McCarthy, Houghton, Mich., for plaintiff.

W. Gerald Warren, Detroit, Mich., William I. McDonald, Marquette, Mich., for defendant.

## MEMORANDUM OPINION

DOUGLAS W. HILLMAN, District Judge.

Plaintiff Soo Hardwoods, Inc., (Soo Hardwoods) brought this private anti-trust action against defendant Universal Oil Products Company, Inc., (UOP) alleging that defendant's bidding practices for birch logs violated Section 2 of the Sherman Act and Section 4 of the Clayton Act, as amended, 15 U.S.C. §§ 2 and 15. An amended complaint was filed in January, 1978. On May 15, 1978, Soo Hardwoods was automatically dissolved by the Michigan Department of Commerce for non-payment of fees, pursuant to M.C.L.A. § 450.1922, M.S.A. § 21.-200(922). The corporation is apparently insolvent, its only asset the claim against UOP in the instant action.

The case is now before the court on defendant UOP's motion for entry of an order directing plaintiff Soo Hardwoods to post security for costs in the amount of $56,000. Of that amount, $50,000 is claimed for anticipated attorney's fees and $6,000 for other expenses of preparation for trial.

Under Michigan corporation law a dissolved corporation may bring suit to collect assets for the purpose of winding up its affairs. M.C.L.A. § 450.1833, M.S.A. § 21.-200(833); M.C.L.A. § 450.1834, M.S.A. § 21.-200(834). If successful in its anti-trust action, Soo Hardwoods would recover three times the $500,000 damages it claims and the costs of suit, including reasonable attorney's fees. 15 U.S.C. § 15. On the other hand, if defendant UOP is the prevailing party, it would be entitled, at the court's discretion, to recover its costs from Soo Hardwoods, pursuant to Fed.R.Civ.P. 54(d). Because plaintiff is dissolved and insolvent, however, defendant fears it will be unable to recover its costs, should it ultimately prevail on the merits.

■ Defendant's motion lies in the sound discretion of this court. "Security for costs is not covered by Rule 54(d) and there is no general federal or civil rule governing the matter." 10 Wright and Miller, *Federal Practice and Procedure*, Civil § 2671, at 161. Because this action is brought under a federal statute, state law governing security for costs is inapplicable. In the absence of a local rule pursuant to Fed.R.Civ.P. 83, the matter of requiring security rests in the discretion of the district judge. *Urbain v. Knapp Brothers Manufacturing Company*, 217 F.2d 810 (6th Cir. 1954), *cert. denied* 349 U.S. 930, 755 S.Ct. 772, 99 L.Ed. 1260 (1955); *Standard Forms Company v. Nave*, 422 F.Supp. 619 (E.D.Tenn.1976).

■ The cases establish that a court may require security for costs when the plaintiff's claim is of dubious merit, plaintiff lacks financial responsibility, and defendant will incur substantial expense. *See, State Wide Enterprises, Inc. v. U. S. Gypsum*, 238 F.Supp. 604 (E.D.Mich.1965); *Leslie One-Stop in Pennsylvania v. Audio Fidelity, Inc.*, 33 F.R.D. 16 (S.D.N.Y.1963). Here it is undisputed that as an insolvent, dissolved corporation, Soo Hardwoods is "financially irresponsible".

It is also undisputed that UOP will incur substantial expenses in defending against plaintiff's anti-trust claim, at least some of which costs would be recoverable should it be the prevailing party. The general American rule is that attorney's fees are not recoverable, except where permitted by statute or in exceptional cases. *Smoot v. Fox*, 353 F.2d 830 (6th Cir.), *cert. denied* 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1965). Section 4 of the Clayton Act does not expressly authorize the award of attorney's fees to a prevailing defendant. Similarly, travel costs of attorneys are not recoverable. *Kaiser Industries Corporation v. McLouth Steel Corp.*, 50 F.R.D. 5 (E.D.Mich. 1970). There are no special circumstances at the present time, such as the bad faith of plaintiff in bringing its suit, which would justify an eventual award of attorney's fees.

Other expenses of preparation for trial are recoverable, however. These include the stenographic costs of the depositions, witness fees, notarial certificates, and postage, as well as the costs of preparing maps, charts, graphs, financial summaries and

78

surveys, and drawings. Although some courts have required that these materials actually be introduced at trial, the better view is that their costs will be recoverable if reasonably necessary to the party's case at the time prepared. *United States v. Pinto*, 44 F.R.D. 357 (W.D.Mich.1968); *Stachon v. Hoxie*, 190 F.Supp. 185 (W.D.Mich. 1960). Here UOP will reasonably incur the cost of taking the depositions of several important witnesses in other parts of the country and of preparing the charts and graphs and other materials common to anti-trust litigation.

 The only point on which there is substantial disagreement is whether plaintiff's suit is of little or dubious merit. The standard to be followed is that the suit appear to have little merit at the present time, so as to arouse a justifiable concern by defendant for his costs, and not that it have no merit at all. *Leslie One-Stop in Pennsylvania, supra.* The court has not been asked to grant judgment on the pleadings or for summary judgment, and does not prejudge plaintiff's claim. *See, A. and M. Gregos, Inc. v. Robertory*, 70 F.R.D. 321 (E.D.Pa.1976). Although the court cannot say Soo Hardwoods' claim is entirely without merit and may not prevail upon full presentation of evidence at trial, on the basis of its perusal of the pleadings, briefs and other materials, the court agrees with defendant that plaintiff's claim is of little merit at present. Plaintiff's claim centers on UOP's practice of outbidding Soo Hardwoods for scarce birch logs from 1970 to 1974. The increase in prices which allegedly drove Soo Hardwoods from the birch log market is said to be a result of UOP's monopolistic market position. UOP responds that the price rise was due merely to normal competition for a scarce resource. It is a familar rule of anti-trust law that a competitor, even one with monopoly power, does not violate Section 2 of the Sherman Act, 15 U.S.C. § 2, unless it engages in anti-competitive practices. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). It is under no duty to alter its lawful, competitive practices merely because another competitor

may be injured thereby. *See, Byars v. Bluff City News Company*, 609 F.2d 843 (6th Cir. 1979); *Berkey Photo, Inc. v. Eastman Kodak Company*, 603 F.2d 263 (2nd Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1061, 62 L.Ed.2d 783 (February 18, 1980).

 Without deciding the ultimate merits of Soo Hardwoods' claim, I find that its amended complaint alleges practices by UOP which may be only the result of lawful competition. Accordingly, I conclude plaintiff's claim is of little merit and, in the exercise of the court's discretionery power, I grant defendant's motion for security for costs and hereby direct plaintiff to file a bond with the court in the amount of $2,500.00.

IT IS SO ORDERED.