Alfred E. EHM, Plaintiff-Appellant,

v.

AMTRAK BOARD OF DIRECTORS, Defendant-Appellee.

No. 85-2318
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1986.

Alfred E. Ehm, pro se.

Chris Klein, David J. Carol, Washington, D.C., for Amtrak Nat. R.R.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

PER CURIAM.

This is the most recent battle in a long-standing and apparently endless war waged by Appellant Ehm against the National Railroad Passenger Corporation (Amtrak). It is a consolidation of two actions in which Ehm alleged that Amtrak on various occasions violated the Freedom of Information Act (FOIA).[1]

The present appeal stems from a motion in which Amtrak requested the district court to require Ehm to post a bond insuring the payment of court costs should he lose on the merits of his case. In support, Amtrak noted the "harassing" nature of the numerous actions brought against it by Ehm, as well as Ehm's failure to pay the costs awarded against him in three other lawsuits.

The district court granted Amtrak's motion and ordered Ehm to post a $500 costs bond within twenty days. Ehm responded by filing objections to the order in which he alleged in part that the district court lacked "discretion to require an FOIA complainant to post a cash bond."

After considering Ehm's objections in detail, the district court declined to modify or vacate its order. The court allowed Ehm an additional fifteen days to post the $500 bond and warned him of the consequences of his failure to do so. When Ehm did not post the bond within the time allowed by the court in its second order, the court dismissed his action without prejudice.

Ehm appears to argue that neither the legislative history nor the "plain language" of the FOIA provides for a bond and the district court by doing so impermissibly impaired his standing to challenge the legality of Amtrak's denial of the information that he requested under the Act.

Security for costs is not covered by Rule 54(d) and there is no general juris-prudential rule governing the subject.[2] As a procedural matter, security for costs is a proper subject for regulation by local rules promulgated under Fed.R.Civ.P. 83. Even in the absence of a local rule, however, a district court has inherent power to require security for costs when warranted by the circumstances of the case. "From this it follows that the court is vested with a large measure of discretion in applying such rules as it does promulgate," the First Circuit said in *Hawes v. Club Ecuestre El Comandante*.[3]

In exacting a bond, the district court relied on its authority under W.D.Tex.Loc R. 300–3.[4] This rule provides in part that "[e]ither party ... may be required to give bond or other security for costs as the court may direct." Finding no Fifth Circuit authority on point, the district court adapted to the case the factors enumerated by the First Circuit in *Aggarwal v. Ponce School of Medicine*,[5] an action in which a nonresident plaintiff was required to post a security bond. The *Aggarwal* factors include the probability of plaintiff's success on the merits, the background and purpose of the suit, and the reasonableness of amount of the posted security viewed from the perspective of both plaintiff and defendant. Finding that these factors weighed heavily against Ehm, the court required him to post a bond before proceeding any further.

The district court's requirement is reasonable. Ehm has objected to the bond requirement solely on legal grounds and has not indicated that it creates a financial burden or prevents him from prosecuting his lawsuit. The record indicates that he is a veteran pro se litigator who has filed numerous lawsuits, many of which have been repetitious or of doubtful legal merit. Although Ehm prevailed at least in part on

**1.** 5 U.S.C. § 552.

**2.** 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2671 at 227.

**3.** 535 F.2d 140, 143–44 (1st Cir.1976).

**4.** *Reprinted in* Fed.Proc.R.Serv., 5th Cir. Vol. (Lawyers Co-op. Pub.Co. 1985).

**5.** 745 F.2d 723, 727–28 (1st Cir.1984).

one of his previous appeals to this court,[6] he has failed to pay any of the costs assessed against him in several actions in which he failed to prevail. At the time of the district court's order, these totaled $889. Moreover, as Amtrak points out, it is "inherently unfair" that it should continue to bear the substantial litigation costs created by a plaintiff who "readily initiates actions but then refuses to pay the costs taxed to him."

Ehm's next argument is confusing, but he appears to contend that the district court "contravened the clear intent of Congress and the express language" of FOIA by requiring him to prove his case at the outset, apparently because the court entered a scheduling order in the consolidated actions.

■ Ehm's contention lacks even arguable merit. Fed.R.Civ.P. 16(b) requires the district court, "after consulting with the attorneys for the parties," to enter a scheduling order "as soon as practicable." Ehm was notified of the court's proposed scheduling order and himself submitted a set of proposed deadlines. He cannot now, for the first time on appeal, object to the use of the scheduling order, which played no part in the dismissal of his case.[7]

■ Invoking Fed.R.App.P. 38 Amtrak seeks sanctions against Ehm for bringing a frivolous appeal, pointing to warnings given Ehm by the District of Columbia Circuit. We reject the demand as inappropriate in the present case. The issue presented by his appeal, i.e., the propriety of a dismissal for failure to post a costs bond, involves a novel procedural issue on which there has been no prior Fifth Circuit decision. In the absence of such a decision, it cannot be said that Ehm's "legal contentions lack[ed] any arguable merit, and are long-settled against him." [8]

We caution Ehm, however, that defendants must not be subjected to endless meritless litigation and that even judicial patience is not inexhaustible.

For these reasons, the judgment is AFFIRMED.

---

6. *Ehm v. National R.R. Passenger Corp.,* 732 F.2d 1250, 1256 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 387, 83 L.Ed.2d 322 (1984).

7. *United States v. Velasquez,* 748 F.2d 972, 973 (5th Cir.1984).

8. *Adult Film Assoc. v. Thetford,* 776 F.2d 113 (5th Cir.1983) (quoting *Hagerty v. Succession of Clement,* 749 F.2d 217, 222 (5th Cir.1984)).