Zhivoin **RADOSHEVICH**, Plaintiff,

v.

**CENTRAL BANK OF COLORADO SPRINGS, a Colorado banking corporation, United Bank of Colorado Springs, N.A., formerly d/b/a Colorado Springs National Bank, and Domenico Quilico individually and d/b/a Solar In, Inc., a Colorado corporation, Defendants.**

**No. 86–F–2142.**

United States District Court, D. Colorado.

Oct. 13, 1987.

Zhivion Radoshevich, pro se.

Neil C. Bruce, Colorado Springs, Colo., for Spurgeon, Haney & Howbert.

James T. Flynn, Colorado Springs, Colo., for United Bank of Colorado Springs.

Thomas C. Slifler, Colorado Springs, Colo., for Central Bank of Colorado Springs.

Rick P. Sauer, Canon City, Colo., for Domenico Quilico.

### ORDER ON MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on defendants' Objection to Plaintiff's Cost Bond and Motion to Dismiss. The defendants contend the plaintiff has failed to tender a sufficient cost bond as required by this Court's Order. We agree with the defendants and GRANT the Motion to Dismiss.

Plaintiff is a foreign national and is appearing pro se. In the Complaint, he alleges the defendants violated numerous federal laws during his business relationship with them, including the Racketeer Influenced and Corrupt Organizations Act (RICO), antitrust laws, and 42 U.S.C. § 1983. Because the underlying factual allegations and legal theories are complex and the plaintiff is a nonresident of Colorado, this Court ordered the plaintiff to provide a cost bond of $5,000.00 "either in cash or in sufficient surety bond approved by the Clerk of the Court." Plaintiff was to provide the bond on or before July 31, 1987.

On September 1, 1987, plaintiff tendered his cost bond. The proposed bond is equity in a motor vehicle owned by Sol Invictus Publishing Company, 1137 Wood Avenue, Colorado Springs, Colorado 80903. Plaintiff contends the vehicle has equity in the amount of $5,610.41 and an outstanding liability of $9,814.39. The vehicle is subject to a security agreement with the Rocky Mountain First Industrial Bank, Colorado Springs, Colorado. The loan is scheduled for repayment in thirty (30) months.

This Court has the inherent authority to require security for costs. *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir.1986); *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 726 (1st Cir.1984). The District Court is to follow the forum state's practice regarding cost bonds. *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir.1987). The Colorado state court rule is to require a cost bond in cases such as this. Colorado Revised Statutes 13–16–102 provides the Court may require a cost bond from nonresidents if "satisfied that any plaintiff is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands." Cost bonds are appropriate when the claims are of dubious merit, the plaintiff lacks financial responsibility, or the defendant will incur substantial expense. *Soo Hardwoods, Inc. v. Universal Oil Products*, 493 F.Supp. 76, 77 (W.D.Mich.1980).

We find the plaintiff's proposed cost bond is insufficient to meet this Court's Order. The interest of plaintiff's surety in the motor vehicle is subject to a security agreement with a bank. The precise value of the vehicle is in doubt. The uncertain nature of this security interest will not cover the costs of this litigation. The plaintiff has raised numerous and complex claims involving multiple defendants. The defendants will likely incur great expense in this case. The proposed cost bond does not address the Court's concerns in imposing the security requirement.

Under Colorado law, failure to provide the necessary cost bond mandates dismissal. C.R.S. 13–16–102 (1973). *See also Ehm v. Amtrak Bd. of Directors, supra; Haberman v. Tobin*, 626 F.2d 1101, 1105 (2d Cir.1980). The plaintiff was given two months to provide the Court with a sufficient surety bond and was unable to do so.

There is no indication the plaintiff will be any more successful in the near future. Dismissal is clearly appropriate in this case.

ACCORDINGLY, the defendants' Motion to Dismiss is GRANTED. Plaintiff's Motion for Protective Order is DENIED AS MOOT. The complaint and cause of action are DISMISSED.