836 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alice J. VANDERWAART, Dieringer Lee Cole, Plaintiffs-Appellants,
v.
BALTIMORE COUNTY MARYLAND, a body Corporate and Politic,
Edward Schdenbrodt, Jr., Baltimore County Fire Station # 4,
Thomas Canning, officer, Baltimore County Police Department
Precinct # 1, John C. Rau, Officer, Baltimore County Police
Department Precinct # 1, J.A. Munchel, Officer, Baltimore
County Police Department Western Traffic Division,
Defendants-Appellees.
 No. 87-2067.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Dec. 18, 1987.
 
 Kenneth Halls Masters (McFarland, Weinkam, O'Connell & Masters, John C. Coolahan on brief) for appellants.
 Thomas K. Farley, Assistant County Attorney (Malcolm F. Spicer, Jr. on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alice Vanderwaart and her daughter Dieringer Lee Cole appeal a summary judgment granted against them in their 42 U.S.C. Sec. 1983 action against a Baltimore County, Maryland, paramedic and three Baltimore County police officers. We affirm.
 
 
 2
 Two paramedics, responding to a drug overdose report, arrived at Vanderwaart's home and were admitted inside by a teenage girl, who said her mother had taken a handfull of pills and drunk some beer. The girl then left. The paramedics admitted several police officers a few minutes later. Cole informed the paramedics that she had taken some valium tablets but did not need medical treatment. She signed a "refusal to treat" form at a paramedic's request, and she and Vanderwaart asked the paramedics and police to leave the home. After Cole announced that she herself was leaving Vanderwaart's home and going to a local mall Officer Canning, believing that Cole was "a loud, violent, confused and emotional individual," physically restrained her from leaving while attempting to obtain an emergency commitment. A struggle broke out between the police officers, Cole, and Vanderwaart, and one of the paramedics restrained Vanderwaart at the direction of one of the officers. Vanderwaart was arrested for assault and hindering a police officer. The two women were eventually taken into custody and transported to the police station, where Vanderwaart was released. Subsequently she was tried and acquitted. Cole was taken from the police station to Baltimore County General Hospital and was released from the hospital after a psychiatric evaluation and treatment for injuries.
 
 
 3
 Vanderwaart and Cole claim that the police and paramedics violated their constitutional rights when they entered Vanderwaart's home and arrested them. This claim has no merit. Because the paramedics were responding to an emergency, they did not need a warrant to enter the home. See Thompson v. Louisiana, 469 U.S. 17, 21 (1984) ("[P]olice may make warrantless entries on premises where 'they reasonably believe that a person within is in need of immediate aid.' "), quoting Mincey v. Arizona, 437 U.S. 385, 392 (1978). Once admitted, the paramedics had the right to permit the police to enter because Vanderwaart and Cole had given up their expectation of privacy with respect to the police officers to the extent of the paramedics' invasion. See United States v. Brand, 556 F.2d 1312, 1317 (5th Cir.1977).
 
 
 4
 Once inside, the police officers reasonably concluded from observing Cole's erratic behavior that Cole needed an emergency psychiatric evaluation, and they acted reasonably in restraining Cole while attempting to obtain an emergency commitment. Thus, because the fourth amendment only prohibits unreasonable searches and seizures, United States v. Sharpe, 470 U.S. 675, 682 (1985), no constitutional right was violated and the police and paramedic cannot be held liable under Sec. 1983. As far as Vanderwaart is concerned, she has no right to interfere with the police regardless of whether she believed they were acting improperly. She repeatedly kicked one of the officers while interfering with the discharge of his duties. For that he had probable cause to arrest her, and therefore she cannot recover under Sec. 1983. Pierson v. Ray, 386 U.S. 547, 557 (1967).
 
 
 5
 Vanderwaart and Cole also claim that the district court erred by failing to grant their motion for judgment by default. However, "the entry of a default judgment under Rule 55(b) is not a matter of right, but rather a matter of discretion on the part of the court." Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D.Wis.1970); see also 10 Wright, Miller, and Kane, Federal Practice and Procedure, Sec. 2684 (1983). Vanderwaart and Cole have shown no prejudice resulting from the defendants' delay in filing an answer. The parties had filed numerous motions, drafted a pretrial order, and attended a pretrial conference. The district court did not abuse its discretion by declining to grant a default judgment.
 
 
 6
 The judgment of the district court is affirmed.