**Susan R. PIALLAT, Plaintiff,**

**v.**

**Scott REPLOGLE, M.D., and John A. Grossman, M.D., Defendants.**

**Civ. A. No. 87–Z–515.**

United States District Court, D. Colorado.

April 28, 1989.

Leonard M. Goldstein, Feder, Morris & Tamblyn, P.C., Denver, Colo., Richard A. Kaye, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for plaintiff.

Elizabeth A. Starrs, Cooper & Kelley, P.C., Denver, Colo., for defendants.

### ORDER

WEINSHIENK, District Judge.

This matter is before the Court on Defendants Replogle And Grossman's Motion For Cost Bond and Plaintiff's Objection To Defendants' Motion For Cost Bond. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendants

move for an order requiring plaintiff, a citizen of Massachusetts, to post a bond of security for costs, citing Colo.Rev.Stat. § 13–16–102 (1983) and *Radoshevich v. Central Bank of Colorado Springs,* 117 F.R.D. 434 (D.Colo.1987).

The Federal Rules of Civil Procedure make no provision for the posting of cost bonds, and this district has not promulgated a local rule governing such bonds. The Tenth Circuit Court of Appeals, in construing Utah law in a federal question jurisdiction case, held that the matter of whether to require a pre-judgment cost bond in federal court is within the trial court's discretion. *Paramount Film Distributing Corp. v. Civic Center Theatre,* 333 F.2d 358 (10th Cir.1964). Even though a United States district court may look to state practice regarding cost bonds, it is under no compulsion to do so. *See National Distillers Products Corp. v. Hindech,* 10 F.R.D. 229 (D.Colo.1950); 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure,* § 2671.

This Court declines to follow the decision in *Radoshevich* to the extent that it holds that the United States district court is to follow the forum state's practice regarding cost bonds or that § 13–16–102 gives the Court discretion in determining whether a nonresident plaintiff should post a cost bond. In fact, the discretionary language of § 13–16–102 applies only to *resident* plaintiffs. The state statute requires all nonresident plaintiffs to file a cost bond. *See* Colo.Rev.Stat. § 13–16–101 (1983), *construed in Glickman v. Mesigh,* 200 Colo. 320, 615 P.2d 23 (1980).

Defendants' motion to require plaintiffs to post a cost bond in this case will be denied. If appropriate, defendants may refile the motion in a form which properly invokes the discretion of the court. Factors which the Court may consider in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of plaintiff's claims; (2) the ability or willingness of plaintiff to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial.

*See, e.g., Soo Hardwoods, Inc. v. Universal Oil Products,* 493 F.Supp. 76, 77 (W.D. Mich.1980), *cited with approval in Radoshevich,* 117 F.R.D. at 435.

Although defendants have indicated that they will incur substantial costs in deposing plaintiff's expert witness, they have not indicated to this Court that they have any reason to believe that this plaintiff will not pay any costs which might be assessed against her in the event she should be unsuccessful in her action. Accordingly, it is

ORDERED that Defendants Replogle and Grossman's Motion For Cost Bond is denied.