Christopher E. HARTNETT, Lacy Hartnett, a minor child, by parent and next friend, Christopher E. Hartnett, and Gabriel Hartnett, a minor child, by parent and next friend, Christopher E. Hartnett, Plaintiffs,

v.

CATHOLIC HEALTH INITIATIVES MOUNTAIN REGION, a Colorado corporation d/b/a Centura Penrose— St. Francis Healthcare System, and P. Terrence O'Rourke, M.D., Defendants.

No. Civ.A. 98–B–2812.

United States District Court, D. Colorado.

May 18, 1999.

Robert B. Carey, L. Dan Rector, Norton Frickey & Associates, Colorado Springs, CO, for plaintiffs.

Robert Ruddy, Ann M. Thompson, Johnson, Ruddy, McConaty & Sargent, Glendale, CO, Collie E. Norman, Greenwood Village, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants, Catholic Health Initiatives Mountain Region d/b/a Centura Penrose—St. Francis Healthcare System and P. Terrence O'Rourke, M.D., move for the issuance of an order requiring plaintiffs to post a cost bond pursuant to C.R.S. § 13–16–102. Defendants contend that, because plaintiffs are residents of Illinois, significant discovery costs will be incurred in litigating plaintiffs' medical malpractice claims. Defendants further aver that Christopher Hartnett "is apparently the sole source of financial support for two minor children" and "may have limited resources from which to pay costs which will accrue as this case progresses." (Def. O'Rourke's Mot. of 2/5/99 at 2.) Thus, defendants argue that plaintiffs' ability to pay costs is doubtful.

■ There is no Federal Rule of Civil Procedure requiring nonresident litigants to post cost bonds, and the United States District Court for the District of Colorado has not promulgated a local rule requiring nonresident plaintiffs to post cost bonds. Yet I agree with that C.R.S. § 13–16–102 does not apply in federal court. *National Distillers Products Corp. v. Hindech,* 10 F.R.D. 229, 229 (D.Colo.1950) (the trial court is under no compulsion to look to state practice regarding cost bonds). Colorado's cost bond statute is procedural in nature and the policies underlying *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), do not militate toward applying that statute in federal court. *See Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1539–1541 (10th Cir.1996) (determining whether Colorado's certificate of review statute, C.R.S. § 13–20–602, applies in federal court) (applying the "outcome-determinative test in light of the twin aims of Erie").

■ In *Paramount Film Distributing Corp. v. Civic Center Theatre,* 333 F.2d 358, 362 (10th Cir.1964), the Tenth Circuit Court of Appeals determined that the decision whether to require a pre-judgment cost bond in federal court is within the trial court's discretion. Factors which I may consider in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial. *Piallat v. Replogle,* 125 F.R.D. 165, 166 (D.Colo.1989) (Weinshienk, J.).

■ Here, defendants have made no showing regarding the merits of plaintiffs' claims. As to the ability of plaintiffs to pay costs that might be assessed, defendants present no evidence in support of their conclusory aspersion that Christopher Hartnett "may have limited resources." In response to defendants' motion, Mr. Hartnett states that he owns real estate in Colorado and is willing to provide proof of his equity. I am not satisfied that plaintiffs will be unable to pay costs should defendant prevail. Thus, I exercise my discretion to deny defendants' motion without prejudice.

Accordingly, I ORDER that defendants' motion for a cost bond, filed February 5

and 16, 1999, is DENIED without preju-
dice.