IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11395
Summary Calendar
_____

LEE PRICE FERNON,

                                        Plaintiff-Appellant,

versus

ROBIN SMAJSTRALA, ET AL.,

                                        Defendants-Appellees.

_____

No. 98-10276
Summary Calendar
_____

LEE PRICE FERNON,

                                        Plaintiff-Appellant,

versus

ROBIN SMAJSTRALA, ET AL.,

                                        Defenants-Appellees.

_____

No. 98-10464
Summary Calendar
_____

LEE PRICE FERNON,

                                        Plaintiff-Appellant,

ROSENDO RODRIGUEZ, JR.,

                                        Appellant,

versus

ROBIN SMAJSTRALA ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:97-CV-25-X
- - - - - - - - - -

July 15, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Before the court are three consolidated appeals. In No. 97-11395, Lee Price Fernon appeals from the district court's summary judgment in favor of the defendants in his civil rights complaint brought pursuant to 42 U.S.C. § 1983. Fernon, an attorney, brought the suit against Baylor County Judge Robin Smajstrala; Dick Wirz, the mayor of Seymour, Texas; Floyd Burke, the police chief in Seymour; Mike Griffin, a Seymour police officer; Jo Ann Farr, a neighbor of Fernon's; and Lynn Fernon, his ex-wife. Fernon alleged in his complaint that the defendants conspired to encourage Fernon's children to accuse him falsely of physical abuse so that false criminal charges would be brought against him which would destroy his career as the county attorney.

We have reviewed the record and the briefs of the parties, and we hold that the district court did not err in construing the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as one for summary judgment under Fed. R. Civ. P. 56. See Young v. Biggers, 938 F.2d 565, 568 (5th Cir. 1991). Nor was the rule's ten-day notice requirement violated by the court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construction because, prior to the hearing on the motions, Fernon had submitted an affidavit to be considered by the court.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  Because there was no genuine issue of material fact, only the conclusional allegations of Fernon, the district court did not err in thereafter granting the defendants' motion for summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In No. 98-10464, we uphold the district court's award of attorneys' fees and its imposition of a monetary sanction against Fernon and his attorney, Rosendo Rodriguez, Jr.  See Thomas v. Capital Security Services, Inc., 836 F.2d 866, 872 (5th Cir. 1988) (en banc); Vaughner v. Pulito, 804 F.2d 873, 878 (5th Cir. 1986).  Nor did the district court err in imposing a sanction barring Fernon from filing any pleading in the Northern District of Texas without the prior permission of the district court.  See Pressey v. Patterson, 898 F.2d 1018, 1021 and n.2 (5th Cir. 1990).

Because Fernon fails to make the required showing of judicial partiality, his challenge to the district court's denial of his recusal motion brought under 28 U.S.C. § 455(a) fails. See United States v. Couch, 896 F.2d 78, 82 (5th Cir. 1990). Similarly, the district court did not err by denying Fernon's motion to disqualify defense attorneys.  See In re: American Airlines, Inc., 972 F.2d 605, 609, 611 (5th Cir. 1992).  Finally, in No. 98-10276, Fernon fails to show that the district court erred by imposing a $5000 bond pursuant to Fed. R. App. P. 7 in

order to proceed with his appeal.  <u>See</u> <u>Ehm v. Amtrack Bd. of Directors</u>, 780 F.2d 516, 517 (5th Cir. 1986); <u>Sckolnick v. Harlow</u>, 820 F.2d 13, 15 (1st Cir. 1987).

Because they are without arguable merit, Nos. 97-11395 and 98-10464 are DISMISSED as frivolous.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  The district court's decision in No. 98-10276 is AFFIRMED.