**Dana MURPHY, in his Individual Capacity and d/b/a as Benevest, Inc., Plaintiff, Appellant,**

v.

**Angel F. GINORIO, et al., Defendants, Appellees.**

No. 92–1844.

United States Court of Appeals, First Circuit.

Heard Nov. 5, 1992.

Decided March 30, 1993.

Maria Soledad Ramirez Becerra with whom Mercado & Soto was on brief, for plaintiff, appellant.

Maria Luisa Martinez with whom Lasa, Escalera & Reichard was on brief, for defendants, appellees.

Before TORRUELLA and STAHL, Circuit Judges, and SKINNER,[*] Senior District Judge.

SKINNER, Senior District Judge.

This appeal arises from an order of the United States District Court for the District of Puerto Rico, Honorable Carmen Consuelo Cerezo, dismissing plaintiff's action for his failure to post a $75,000 nonresident surety bond as ordered by the court pursuant to District of Puerto Rico Local Rule 304.

## BACKGROUND

The plaintiff Dana Murphy, d/b/a Benevest, Inc.,[1] brought suit against defendant AFG Broadcasting Corporation and fifteen of its officers, directors, and agents, alleging that they conspired to defraud Murphy in connection with an investment in AFG Broadcasting. Murphy contends that he was duped into investing more than $200,000 in AFG under the false belief that AFG was licensed to operate a television station in Arecibo, Puerto Rico. Plaintiff's complaint asserted claims for compensatory and treble damages in excess of $5,000,000 under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et

---

[*] Of the District of Massachusetts, sitting by designation.

1. The legal relationship between Murphy and Benevest is unclear. Benevest is identified in the complaint as a corporation incorporated under the laws of Massachusetts and, yet, the briefs filed with this court strongly suggest that Benevest is not an entity separate from Murphy. On appeal Murphy and Benevest have been treated as one entity; this conclusion, however, does not affect the outcome of this appeal.

seq. and the Civil Code of Puerto Rico. The complaint also sought $300,000 for costs, expenses, and attorneys' fees.

On November 21, 1991, defendants sought an order of the court pursuant to Rule 304 requiring plaintiff to post a non-resident bond in the amount of $500,000 to secure any award to defendants of costs, expenses, and attorneys' fees. Defendants also informed the court that they planned to move to dismiss the action as *res judicata*. The motion, however, was never filed or decided. Rule 304 states, in relevant part:

> When the plaintiff is domiciled outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses and attorneys' fees that may be awarded. All proceedings in the action may be stayed until bond is posted, which shall not be less than $250.00. The Court may require an additional bond upon a showing that the original bond is not sufficient security, and may stay the proceeding in the action until such additional bond is given.
>
> After the lapse of sixty (60) days from the service of the order requiring bond or additional bond, without bond having been posted, the Court may dismiss the action.
>
> *This rule shall be liberally interpreted in favor of the plaintiff so as not to preclude his right to sue through excessive bond requirement.* Consistent with this, the Court, for good cause shown, may dispense with this requirement.

D.P.R.L.R. 304 (emphasis added). Murphy opposed the motion, arguing that the bond request was excessive and would preclude him from pursuing this action given his limited financial resources.

On December 20, 1991, the district court issued a summary order requiring Murphy to post a bond in the amount of $75,000 within 90 days; failure to comply with the order would result in the action being dismissed. Murphy filed two motions for reconsideration in which he complained that he had been unable to obtain the requisite bond because he had neither sufficient income nor valuable property; that the $75,-000 security bond was excessive; that the court failed to evaluate his ability to post the bond; and that as a result of the court's order he was "economically helpless to pursue a bonafide [sic] claim before this Honorable Court." The district court denied both motions for reconsideration and ultimately dismissed the action, reasoning:

> We note, at the onset that plaintiff is suing over sixteen defendants, raising complex claims under the RICO statute, breach of contract and tort claims. Inasmuch as plaintiff is asking $300,000 to cover his own costs, expenses, and attorney's fees, it should not be out of line to consider that defendants would be expected to incur in [sic] similar expenses. Plaintiff does not deny that he was a party to the Superior court cases upon which defendants will move for summary judgment; rather, he asks that we order defendants to provide him with certified transcripts of those proceedings, as if they were never there.

Murphy timely filed a notice of appeal from the dismissal.

### ANALYSIS

█ The purpose of Rule 304 is to ensure that a prevailing party will be able to collect a judicial award of costs, expenses, and attorneys' fees from a nonresident litigant, who probably has no assets in and few ties to the forum. *Santa Molina v. Urban Renewal and Hous. Corp.*, 14 Official Translations of the Supreme Court of Puerto Rico 382, 385, 114 P.R.Dec. 382, 385 (P.R.1983) (finding constitutional the parallel rule of the state court). While recognizing the legitimate interest served by the rule, courts have emphasized that it must be carefully applied to avoid depriving a plaintiff, who may have few financial resources but a legitimate claim, of the opportunity to have a court decide his claim on the merits. *See Aggarwal v. Ponce Sch. of Medicine*, 745 F.2d 723, 728 (1st Cir.1984) ("The rule is a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression."); *Santa Molina*, 114 P.R.R. at 385 (inferring the

lawmaker's intention to open the doors of courthouses to poor litigants). A trial court enjoys wide discretion in administering procedural matters, including the question of security costs. Thus, we review the court's decision only for an abuse of discretion. *Aggarwal,* 745 F.2d at 726–27.

▆▆▆ This appeal falls comfortably within *Aggarwal v. Ponce School of Medicine* where we vacated an order of a district court that dismissed an action for plaintiff's failure to post a $5,000 non-resident bond. *Id.* at 729. In *Aggarwal,* as in this case, the district court failed to consider plaintiff's ability to post bond. *Id.* at 727–28. Rule 304 demands that a court consider at least three factors before imposing a non-resident bond: (1) the plaintiff's probability of success on the merits, and the background and purpose of the suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. *Id.* Moreover, whenever a bond is set in excess of the statutory $250 minimum, the trial court should evidence on the record its careful consideration of each of these factors. *See id.* at 727 n. 1, 728–29.

▆▆▆ In this case, it appears that the district court failed to consider Murphy's economic circumstances, his ability to post the $75,000 bond, and the potentially preclusive effect of the bond requirement on his ability to pursue litigation. Certainly, no such findings were made in either of the judge's opinions that addressed the bond requirement. Though the court below expressly considered several highly relevant factors, including the large number of named defendants, the complex nature of the suit, and its low probability for success on the merits, the court never addressed plaintiff's oft repeated contention that he was incapable of posting a $75,000 bond. Appellees' contend that though the trial court did not specifically address the reasonableness of the bond requirement from the plaintiff's perspective, it did consider *some* of the factors relevant to Rule 304. This argument, however, is plainly at odds with

our holding in *Aggarwal. Id.* at 727 (absent a trial court's consideration of the plaintiff's ability to post a bond, the court's findings "comprise, at best, two-thirds of the equation").

Appellees also complain that Murphy has relied upon conclusory and sometimes contradictory allegations concerning his financial condition, and that he has not *proven* his inability to post the bond. Murphy has identified himself at various times as self-employed, the president and sole shareholder of Benevest, and an officer of Scanner International. Moreover, there is no information before the court concerning the financial resources, if any, of Benevest. Indeed, as previously noted, it is not clear whether Benevest is a separate entity. In spite of these shortcomings, plaintiff, however, has done what he must. He raised the issue before the trial court and submitted affidavits identifying his annual salary, stating that he has no substantial assets, and describing his unsuccessful attempts to secure a bond. The error lies not in what plaintiff has offered as evidence, but in that the court failed even to *consider* the evidence offered by the plaintiff. Nevertheless, the district court will need to resolve these issues on remand before it can set an appropriate bond requirement, if one is imposed at all.

We vacate the district court's order not simply because the court below failed to follow a formalistic three-pronged evaluation, but rather because the trial court's approach comes dangerously close to making judicial access a privilege for only the most financially secure. "While it is neither unjust nor unreasonable to expect a suitor 'to put his money where his mouth is,' toll-booths cannot be placed across the courthouse doors in a haphazard fashion." *Id.* at 728 (citation omitted).

*The judgment of the district court is vacated and the case is remanded to the district court for further consideration of the criteria for imposing a bond described above.*