J. Morris ANDERSON, Plaintiff–
Appellant,

v.

STEERS, SULLIVAN, McNAMAR &
ROGERS, and Ruth E. Meyer,
Defendants–Appellees.

No. 92–3743.

United States Court of Appeals,
Seventh Circuit.

Submitted June 8, 1993.

Decided July 7, 1993.

J. Morris Anderson, pro se.

Michael R. Franceschini, William S. Ayres, Steers, Sullivan, McNamar & Rogers, Indianapolis, IN, for defendants-appellees.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

The plaintiff, the producer of the "Miss Black America Pageant and Television Special," brought this suit against a lawyer and her firm, charging trademark infringement and other forms of unfair competition. The plaintiff is unrepresented, and the basis of his claim is obscure. The defendants asked the district court to require the plaintiff to post a $10,000 bond to secure the costs of the suit should they be eventually taxed against the plaintiff. The court did so, and, when the plaintiff refused to post the bond on the ground that it was excessive and unnecessary, dismissed the suit, precipitating this appeal.

No statute or rule, or decision of this circuit, expressly authorizes a court to require the posting of a bond to secure the payment of costs to a party should he prevail in the case. Nonetheless it seems to us, as it has seemed to the other courts that have addressed the question, that the power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid. *Ehm v. Amtrak Board of Directors,* 780 F.2d 516 (5th Cir.1986) (per curiam); *Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140, 143 (1st Cir.1976); *A. &*

*M. Gregos, Inc. v. Robertory,* 70 F.R.D. 321 (E.D.Pa.1976); *State Wide Enterprises, Inc. v. United States Gypsum Co.,* 238 F.Supp. 604 (E.D.Mich.1965). So if there is reason to believe that the prevailing party will find it difficult to collect its costs, the court can require the posting of a suitable bond. The apparently frivolous character of this litigation and the fact that the plaintiff is an unrepresented individual made the defendants' motion for the posting of such a bond at least a plausible one; and the plaintiff failed to establish to the reasonable satisfaction of the district court either that he has the wherewithal to pay costs should he lose on the merits and that in fact he would pay, or that $10,000 is an unreasonable estimate of the costs likely in a lawsuit of this character.

We therefore affirm. The defendants have requested an award of sanctions under Fed.R.App.P. 38 on the ground that the appeal is frivolous. It may seem obvious that it is not frivolous; the question on appeal is a novel one in this circuit, and although we think the answer clear we cannot say that it is entirely open and shut. Frivolousness is determined, however, not in the abstract but in relation to the arguments actually made by the appellant. *In re Hendrix,* 986 F.2d 195, 200–01 (7th Cir.1993). The appellant's argument is that the district court "teamed up" with the defendants to deny him his day in court. He has made no effort to show that he could not post the bond, that a case of this sort is unlikely to produce taxable costs of $10,000 or more, or that federal courts lack inherent authority to require bonds to secure a contingent claim for costs. He is; it is true, unrepresented, but a litigant does not acquire an entitlement to file a frivolous appeal by dispensing with counsel, *Bacon v. American Federation of State, County & Municipal Employees Council,* 795 F.2d 33 (7th Cir.1986), especially when he does not claim to be unable to afford counsel. The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United*

*States,* — U.S. —, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The issue of sanctions having been fully briefed (see 7th Cir.R. 38), the defendants are directed to submit to the Clerk of this court within ten days their documented estimate of the expense they incurred in defending against this appeal.

AFFIRMED, WITH SANCTIONS.