7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary REED, Plaintiff-Appellant,
v.
SOO LINE RAILROAD COMPANY, Defendant-Appellee.
 No. 92-3939.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 24, 1993.*
Decided Sept. 27, 1993.
 
 Before BAUER, Chief Judge, and POSNER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed plaintiff Gary Reed's action against his former employer, Soo Line Railroad Company, as barred by the doctrine of res judicata. It found that Reed's lawsuit against Soo Line was identical to a prior action that Reed filed against Soo Line. That case proceeded to trial before Judge Warren and resulted in a directed verdict in favor of Soo Line.
 
 
 2
 Res judicata ensures the finality of decisions, barring further litigation between the same parties based on the same cause of action. Brown v. Felsen, 442 U.S. 127, 131 (1979). Reed ignores, as he did in the district court, the application of this doctrine to his case. Reed's brief contains no argument and cites no authority contesting the district court's determination. An appeal that does not address the reasons for the dismissal of a lawsuit is doomed. See, e.g., Brooks v. Allison Division of General Motors Corp., 874 F.2d 489 (7th Cir.1989); Bonds v. Coca-Cola Co., 806 F.2d 1324, 1328 (7th Cir.1986). The district court's dismissal of this action is affirmed.
 
 
 3
 Soo Line asked the district court to impose sanctions. Reed obtained a pass from the district court because he was a pro se litigant. But the court told Reed that his lawsuit was frivolous and counseled against further litigation. Soo Line now asks us to impose sanctions pursuant to Fed.R.App.P. 38, asserting that this appeal is frivolous. We agree.
 
 
 4
 "Frivolousness is determined ... in relation to the arguments actually made by the appellant." Anderson v. Steers, Sullivan, McNamara & Rogers, 998 F.2d 495, 496 (7th Cir.1993). Reed paid no heed to the district court's admonition. He appealed and made no effort to tell us why the district court was wrong. His status as an unrepresented litigant does not shield him from sanctions, id., and Reed will not get another pass from us. Soo line is directed to submit to the Clerk of Court a statement of their expenses in defending against this appeal within ten days of this order.
 
 
 5
 AFFIRMED, WITH SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)