12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio DIAZ, Plaintiff/Appellant,
v.
Thomas D. RICHARDS, Et al., Defendants/Appellees.
 No. 92-2639.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 23, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Fabio Diaz appeals the entry of summary judgment in favor of the defendants. The district court found his 42 U.S.C. Sec. 1983 claim barred by res judicata and collateral estoppel. We AFFIRM for the reasons stated in the attached memorandum and order of the district court, dated May 29, 1992. We also agree with the district court's denial of Diaz's discovery motion under Fed.R.Civ.P. 56(f) because additional discovery would not be relevant to the dispositive issue of this case.
 
 
 2
 The defendants have requested an award of sanctions under Fed.R.App.P. 38 on the ground that the appeal is frivolous. A pro se litigant is not immune from sanction merely because he lacks counsel. Anderson v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 495, 496 (7th Cir.1993). To award Rule 38 sanctions, we must determine that (1) the appeal is frivolous and (2) sanctions are appropriate. A-Abart Elec. Supply Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir.), cert. denied, 113 S.Ct. 194 (1992). We find no display of bad faith on the part of Diaz, and therefore conclude that sanctions are not appropriate in this case. Bowman v. City of Franklin, J.C., 980 F.2d 1104, 1110 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). However, we note that Diaz has filed seventeen appeals to this court in the last five years alone; at least one of which was also barred by collateral estoppel. See Diaz v. Terrell, et al., No. 89-2096 (7th Cir. June 27, 1991) (unpublished). We caution Diaz against filing repetitive lawsuits or frivolous appeals. AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 Fabio A. Diaz, Plaintiff
 
 3
 vs.
 
 
 4
 Thomas D. Richards, et al., Defendants.
 
 
 5
 Cause No. S91-459M.
 
 MEMORANDUM AND ORDER
 
 6
 Plaintiff Fabio Diaz brought this 42 U.S.C. Sec. 1983 action, pro se, against five employees of the Westville Correctional Center. He alleges that they violated his right to due process under the Fifth and Fourteenth Amendment by denying him a written statement of facts and a summary of facts twenty-four hours before his Conduct Adjustment Board ("CAB") hearing. He seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages. This court has jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343(a)(3).
 
 
 7
 The defendants seek summary judgment based upon principles of res judicata and collateral estoppel. They provided a copy of the judgment entered against Mr. Diaz in this court's Cause No. S91-391, a habeas corpus proceeding in which Mr. Diaz sought the restoration of ninety days of accumulated credit time lost as the result of the same CAB hearing which is the subject of the case at bar. In Cause No. S91-391, the court found that, at the CAB hearing, the defendants violated no constitutional rights of Mr. Diaz and the procedural due process claims were not supported by either the law or the record in the case.
 
 
 8
 The term "res judicata " or "claim preclusion" refers to "the preclusive effect of a judgment in foreclosing litigation of matters that were or could have been raised in an earlier suit." Charles Koen & Associates v. City of Cairo, 909 F.2d 992, 997 (7th Cir.1990) (quoting LaSalle Nat'l Bank v. County of DuPage, 856 F.2d 925, 930 (7th Cir.1988), cert. denied, 109 S.Ct. 1536 (1989)). Res judicata (claim preclusion) differs from "collateral estoppel" (issue preclusion), "which refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action." Koen & Associates v. City of Cairo, 909 F.2d at 997. Although Mr. Diaz names additional defendants in this cause of action, the facts and the issues raised in his complaint are identical to those litigated in Cause No. S91-391.
 
 
 9
 In his response to the summary judgment motion, Mr. Diaz argues that his claim is not precluded because he was denied a full and fair hearing with a fair opportunity to litigate the claims in Cuase No. S91-391. The record in that cause belies that argument: on August 21, 1991, the court ordered the defendants to show cause why the writ should not issue; the defendants filed their return to the show cause order on September 19; Mr. Diaz filed a response to that return on September 27; the court ruled on October 24. The record reflects no request for further opportunity to present further argument. Mr. Diaz had an opportunity to litigate the claims in S91-391. The principles of res judicata and collateral estoppel control this action.
 
 
 10
 For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment.
 
 
 11
 SO ORDERED.
 
 ENTERED: May 29, 1992
 
 12
 /s/ Robert L. Miller, Jr.
 
 Robert L. Miller, Jr., Judge
 United States District Court
 
 13
 cc: Diaz
 
 Schoening
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record