12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billy HILL, Plaintiff/Appellant,
v.
STANDARD BANK & TRUST COMPANY, et al., Defendants/Appellees.
 No. 93-1452.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 23, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Unhappy with a judgment entered against him in state court, Billy Hill brought an action in the district court against Standard Bank and Standard Bank's lawyers under the guise of 42 U.S.C. Sec. 1983 alleging deprivation of his civil rights. Standard Bank had brought two successful actions against Hill in the Circuit Court of Cook County: an action in forcible entry and detainer and an action on four defaulted promissory notes. After Standard Bank was awarded judgment, Hill brought an action in federal court requesting, among other things, that the defendants be enjoined from the use of the judgment. The defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the defendants' motion.
 
 
 2
 The federal courts do not have jurisdiction over complaints which seek federal review of state judicial proceedings. Ritter v. Ross, 992 F.2d 750, 755 (7th Cir.1993); see Leaf v. Supreme Court of Wisconsin, 979 F.2d 589 (7th Cir.1992) (discussing the Rooker-Feldman doctrine), cert. denied, 113 S.Ct. 2417 (1993); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Hill cannot keep his claims afloat by characterizing his action as one brought under Sec. 1983; "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter, 992 F.2d at 754 (quoting Hagert v. Succession of Clement, 749 F.2d 217, 220 (5th Cir.1984), cert. denied, 474 U.S. 968 (1985)). In seeking to enjoin the defendant from enforcing judgment and to challenge Standard Bank's right to sue, Hill requests federal review of the state court proceedings. The district court lacked subject-matter jurisdiction over Hill's claims. If Hill wished to challenge the judgment of the state court, his remedy lay in the appellate courts of Illinois.
 
 
 3
 The district court imposed a $250 sanction for bringing a frivolous suit. We may uphold the district court's imposition of sanctions despite our determination that the district court lacked subject-matter jurisdiction. Willy v. Coastal Corp., 112 S.Ct. 1076 (1992). We review the district court's decision to impose sanctions for abuse of discretion. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 933 (7th Cir.1989) (en banc). The court found that Hill "brought this groundless suit for the improper purpose of harassing defendants in connection with the underlying state court litigation." We agree. Hill's suit was devoid of any constitutional claim and was clearly designed to circumvent state court proceedings.
 
 
 4
 We need not address Hill's other claims regarding the proceedings in the district court because the district court never had jurisdiction to consider Hill's suit.
 
 
 5
 The appellees now ask us to award sanctions, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, for the cost of defending a frivolous appeal. Hill did not respond in his reply brief. "Frivolousness is determined ... in relation to the arguments actually made by the appellant." Anderson v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 495, 496 (7th Cir.1993). The district court issued a stern warning to Hill against abusing his right of access to the federal courts. Hill should have taken a long, hard look at the substance of his claims and the district court's order before presenting those claims to this court. We note that Hill has made previous unsuccessful attempts to make the same types of arguments he asserts in this action. See Hill v. City of Harvey, et al., No. 92-3360, 1993 U.S.App. LEXIS 17965 (7th Cir. July 15, 1993) (unpublished order) (rejecting arguments of alleged violations of state law). We find that sanctions are appropriate.
 
 
 6
 The appellees should provide to this court within fifteen days a statement of their costs, attorneys' fees, and other expenses that they reasonably have incurred in defending this appeal.
 
 
 7
 For the foregoing reasons, we REMAND to the district court for dismissal due to lack of subject-matter jurisdiction and impose sanctions upon Hill.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs