Donato v. McCarthy                          CV-00-039-M    10/09/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Sandra C. Donato,
      Plaintiff

      v.                                    Civil No. 00-039-M
                                            Opinion No. 2001 DNH 183
Sheilah F. McCarthy,
      Defendant


                            O R D E R


      Defendant moves for an order requiring plaintiff to post a

security bond in the amount of $15,000 to ensure payment of

"costs and fees on appeal," including an anticipated award of

attorney's fees based on the asserted frivolous nature of

plaintiff's appeal.  Document No. 54  See also Fed. R. App. P. 7

("[T]he district court may require an appellant to file a bond or

provide other security in any form and amount necessary to ensure

payment of costs on appeal.").

      There appears to be some disagreement among the circuits as

to whether the "costs" referenced in Appellate Rule 7 are limited

to those taxable on appeal under Appellate Rules 38 and 39, or

whether they also include attorney's fees specifically recoverable by statute "as part of costs," or, indeed, whether they even include attorney's fees that might be awarded by the court of appeals upon a determination that the appeal was frivolous. A recent and thorough discussion of various competing approaches may be found in the Second Circuit's opinion in Adsani v. Miller, 139 F.3d 67 (2d Cir. 1998).

The Court of Appeals for this circuit seems to have adopted, by implication at any rate, a fairly liberal construction of Rule 7. In Sckolnick v. Harlow, 820 F.2d 13 (1st Cir. 1987) (per curiam), the court affirmed a district court order requiring a bond that included an amount to secure attorney's fees that might be awarded on appeal as a sanction for filing a frivolous appeal. "The decision [in Sckolnick] demonstrates . . . that the First Circuit interprets Rule 7 to permit a bond which [seeks] security for a possible sanction in the form of attorney's fees upon appeal. By implication, 'costs' under Rule 7 would not exclude attorney's fees as a blanket rule for that court." Adsani, 139 F.3d at 73.

2

Given the precedent in this circuit, then, this court likely has discretion to require plaintiff to post a bond to secure appellate "costs" that include a possible award of attorney's fees as a sanction against plaintiff for having taken a frivolous appeal. However, I decline to exercise that discretion in this case, for several reasons.

First, pro se plaintiff's appeal of this court's immunity finding, while unlikely to succeed, cannot be fairly condemned as frivolous or objectively unreasonable. The facts upon which plaintiff relies in arguing that an actionable and independent attorney-client relationship existed between her and Attorney McCarthy are, of course, unique to this case. One can certainly postulate circumstances under which an attorney handling union grievance cases might enter into a discrete professional relationship with the grieving union member such that malpractice claims could later be brought by the union member for substandard work. This, in my judgment, is not such a case. But, pro se plaintiff's argument is not so far removed from the arena of rational discourse that her appellate rights should be

3

unnecessarily encumbered by a significant (and perhaps prohibitive) bond requirement.

Second, it is not at all clear that the court of appeals would impose a sanction requiring a pro se appellant to pay attorney's fees rather than, say, double costs – assuming the court finds the appeal to be frivolous. Third, the court of appeals can easily assess the merits of plaintiff's appeal and, if appropriate, summarily affirm the judgment or dismiss the appeal outright at a very early stage, on motion or sua sponte, before any substantial expense is incurred by defendant. Fourth, defendant's allegations suggest that plaintiff owns a home and is employed and, therefore, likely has sufficient financial resources to pay the comparatively modest costs usually imposed on appeal (even if such costs were to include defendant's attorney's fees). Fifth, defendant has not made any effort to quantify the anticipated costs she expects will be awarded if she prevails, beyond simply declaring a $15,000 bond adequate to cover them. Finally, imposing a substantial bond would probably have a significant adverse effect on plaintiff's ability to

4

obtain appellate review.  While Rule 7 serves a legitimate purpose, it should be applied carefully to avoid depriving a plaintiff who might have a legitimate claim, but limited financial resources, of the opportunity to have that claim finally resolved on the merits.  Cf. Murphy v. Ginorio, 989 F.2d 566, 568 (1st Cir. 1993)(considering an analogous bond requirement and concluding that, "The rule is a scalpel, to be used with surgical precision as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression.") (quoting Aggarwal v. Ponce Sch. of Medicine, 745 F.2d 723, 728 (1st Cir. 1984)).

Accordingly, the defendant's motion to require plaintiff to post an appellate security bond (document no. 54) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

October 9, 2001

cc:  Sandra C. Donato, pro se
     R. Matthew Cairns, Esq.

5