Linda **PASQUALI**, Plaintiff,

v.

**HYATT HOTELS OF PUERTO RICO, et al**, Defendants.

**Civil No.: 09–1651 (DRD).**

United States District Court, D. Puerto Rico.

Jan. 25, 2010.

Leila S. Castro–Moya, Rovira–Rodriguez Attorneys and Counsellors at Law, Hato Rey, PR, for Plaintiff.

Jeannette M. Lopez, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

The instant case is a diversity action for damages arising from injuries sustained by Plaintiff while riding a water slide at the Hyatt Hacienda del Mar hotel. Plaintiff alleges that these injuries arose from the negligence of Defendants Hyatt Hotels of Puerto Rico and Blue Dolphin Watersports and that these Defendants, along with their respective insurance companies, are liable to Plaintiff for damages. In turn, Defendants assert that the instant claim is time-barred, that Plaintiff's damages are exaggerated, that this Court lacks both subject matter and in personam jurisdiction, that Plaintiff assumed risk and is comparatively negligent and that Plaintiff failed to join an indispensable party.

Currently before the Court is Defendants' *Motion Requesting Posting of Non–Resident Bond* (Docket No. 10), filed on November 11, 2009. In this motion, Defendants broadly allege that, under Local Rule 65.2, Plaintiff "is required to submit a non-resident bond." Defendants do not make a specific request for the amount of the bond, but rather request that the Court determine an appropriate amount. To date, this motion remains unopposed.

Local Rule 65.2(c) provides in pertinent part:

> [A] plaintiff not domiciled in Puerto Rico ... *may*, upon motion by the defendant, be required to post a bond to secure the costs, expenses and attorneys' fees

which may be awarded against them. The Court will set the amount of the bond and may stay the proceedings until its payment or, upon good cause shown, dispense with the requirement.

U.S.Dist.Ct.Rules D.P.R. Rule 65.2. (emphasis ours).

■ The First Circuit has adopted a three factor balancing test to determine where a non-resident bond should be issued under Local Rule 65.2.[1] *See Murphy v. Ginorio,* 989 F.2d 566, 569 (1st Cir. 1993). The first factor to consider is "the plaintiff's probability of success on the merits, and the background and purpose of the suit." *Id.* The second is "the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective." *Id.* The final factor is "the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Id.*

■ The Court is cautioned that application of the Rule to order a bond must be "carefully applied to avoid depriving a plaintiff ... of the opportunity to have a court decide his claim on the merits." *Id.* at 568. In its application of Rule 65.2, the Court must remember that its purpose is to "ensure that a prevailing party will be able to collect a judicial award of costs, expenses and attorneys' fees from a nonresident litigant, who probably has no assets in and few ties to the forum." *Id.* Furthermore, the Court must use the rule like "a scalpel ... with surgical precision to the even-handed administration of justice" rather than as a "bludgeon to be employed as an instrument of oppression." *Aggarwal v. Ponce Sch. Of Medicine,* 745 F.2d 723, 728 (1st Cir.1984). Accordingly,

---

1. The current Rule 65.2 had several predecessors, including Rule 5 and Rule 304, whose framework for analysis has evolved and is adopted for Rule 65.2. *See e.g. Murphy,* 989

F.2d at 569; *see also Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140 (1st Cir.1976); *see also El Dia, Inc. v. Puerto Rico Dept. Of Consumer Affairs,* 413 F.3d 110 (1st Cir.2005).

the Court should be reluctant to set up toll-booths in front of the courthouse doors when imposing a non-resident bond. *Murphy*, 989 F.2d at 569. Ultimately, the granting or denial of a non-resident bond is up to the Court's wide discretion. *Id.*; *see Aggarwal*, 745 F.2d at 728.

 The Court's first line of analysis must be to apply the facts of this case to the first factor outlined in *Murphy*. Thus, the Court must analyze Plaintiff's likelihood of success on the merits of this case, as well as the background and purpose of this suit. *See Murphy*, 989 F.2d at 569. Here, Defendants have not even alleged that they, and not Plaintiff, are likely to prevail in the instant case, let alone discussed why Plaintiff is unlikely to prevail. Defendants have also failed to discuss the background and purpose of this suit in their motion.[2] Thus, the Court can not analyze this factor as it applies to the instant motion. Likewise, Defendants have not even specified the amount of the bond which they seek, let alone outlined the figures regarding the fees and costs which they believe would justify imposition of the bond. With so little information upon which to proceed, the Court may not impose a non-resident bond at this time, as to do so would entail the very same wielding of this instrument as a "bludgeon" rather than as a "scalpel" against which *Aggarwal* explicitly cautioned. For this reason, the Court declines to impose a non-resident bond upon Plaintiff at this time.

For the reasons set forth above, Defendants' *Motion Requesting Posting of Non-Resident Bond* (Docket No. 10) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

---

**2.** The Court also notes that Defendants have not even advanced a theory under which the applicable statutes and jurisprudence would allow them to recover attorneys' costs and fees if they ultimately prevail. *See Murphy*, 989 F.2d at 569 (stating that the purpose of the non-resident bond is to ensure that a prevailing party may collect such costs and fees).