**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2020[*]
Decided March 5, 2020

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3075

| | |
|---|---|
| MIKHAIL S. TSUKERMAN<br>*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 16-3214 |
| WESTERN COMMUNITY UNIT<br>SCHOOL DISTRICT NO. 12<br>*Defendant-Appellee*. | Sue E. Myerscough,<br>*Judge*. |

**O R D E R**

A year after voluntarily dismissing a discrimination case against his former employer, Mikhail Tsukerman, a Jewish man in his fifties and a former high school math teacher, refiled the case. The district court stayed the proceedings until Tsukerman paid the employer's expenses from the former litigation and, when he did not pay, dismissed the case for want of prosecution. Because the court did not abuse its

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

discretion in imposing costs or dismissing the case when Tsukerman refused to pay, we affirm the judgment.

Tsukerman's tenure teaching at Western Community Unit School District lasted only two years. In his second year, he witnessed two anti-Semitic incidents. Someone carved swastikas onto the walls of his classroom, and months later a student gave a Nazi salute in his class. Western suspended the student who saluted but never caught the other offender. At the end of the school year, Western did not renew Tsukerman's contract, citing several poor evaluations for his classroom management and teaching.

Tsukerman sued Western for discrimination based on his age and religion. After discovery and briefing on Western's motion for summary judgment, Tsukerman (through counsel) voluntarily dismissed the case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The stipulation for dismissal expressly reserved Western's right under Rule 41(d) to recover its costs from the earlier litigation if Tsukerman refiled the case. Tsukerman's counsel also told him that, if he refiled the lawsuit (which counsel advised against), counsel's firm would not represent him and the court could stay the proceedings until Tsukerman paid Western's prior costs.

Less than a year after the dismissal, Tsukerman (now pro se) moved to reopen the case and amend his complaint. On Western's motion, the district court stayed the proceedings until Tsukerman paid Western's costs from the previous litigation. *See* FED. R. CIV. P. 41(d). Tsukerman asked the court to "waive" payment because he is indigent, but the court denied his request. After three months without payment, the court ordered Tsukerman to explain why the case should not be dismissed for want of prosecution. He responded by reiterating the merits of his claims and underscoring his "willingness, readiness and ability to prosecute this case … once the unjust and oppressive obstacle in the form of … $3524 is removed." Concluding that Tsukerman was unwilling to pay and that nothing justified reconsidering the stay, the district court dismissed the case with prejudice for want of prosecution. FED. R. CIV. P. 41(b).

On appeal, Tsukerman argues that the district court was wrong to dismiss his case for want of prosecution because he is indigent and cannot afford to cover Western's expenses from the prior litigation. According to Tsukerman, courts should have to consider a plaintiff's ability to pay, along with the other factors (including their good faith and the merits of the claim) listed in *Hummel v. S.E. Rykoff*, 634 F.2d 446, 453 (9th Cir. 1980), when considering whether to require payment of costs under Rule 41(d). And Tsukerman insists that, under those factors, the district court abused its discretion

in ordering costs here because he is indigent, he brings the action in good faith, and his attorney dismissed the case without Tsukerman's permission.

Tsukerman is incorrect. We have held that "courts can bar *future* suits as a sanction to … pay past court costs … even if the litigant is indigent." *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012). Rule 41 specifically empowers courts to "stay the proceedings" of the new suit until the plaintiff pays the past court costs whenever a plaintiff who previously dismissed an action files another "based on or including the same claim against the same defendants." Thus, as we concluded in a case involving costs under this rule, a plaintiff's "inability to pay … does not allow him to side-step the dictates of Rule 41." *Esposito v. Piatrowski*, 223 F.3d 497, 502 (7th Cir. 2000).

It follows that the district court did not abuse its discretion in dismissing this case for failure to pay costs. Tsukerman knew that the court would likely order costs as a condition of refiling because his counsel warned him so, and Western expressly reserved its rights under Rule 41(d) to demand costs. Furthermore, when the court gave him a chance to explain why it should not dismiss the case based on his failure to pay, Tsukerman told the court that he would prosecute the case only if the court lifted the requirement to pay costs. That signaled to the court that he had no intent to comply with the order, even though, as we have just explained, the order was valid despite his indigency. *See* FED. R. CIV. P. 41(b) (dismissal is proper when plaintiff fails to comply with an order); *Esposito*, 223 F.3d at 499, 501–02 (dismissal for want of prosecution when plaintiff did not pay Rule 41(d) costs).

Accordingly, the judgement of the district court is AFFIRMED.